COLEMAN v. WASHBURN et al. (Circuit Court, S. D. New York. November 25, 1901.) On exceptions to master's report. David McClure, for complainant. Alfred Opdyke, for defendants.

COXE, District Judge. This is an action for a partnership accounting. The master to whom it was referred to take and state the account filed, December 20, 1900, an elaborate and painstaking report in which various claims presented by both parties are disallowed. The complainant filed exceptions, 10 in all, to the adverse rulings of the master. The defendants do not except. Although the oral argument was full and complete, the court has reexamined with care each of the items in controversy, and has read everything which has been submitted by either side, with the result that it finds no reason for disturbing the conclusions of the master. Indeed, in each instance the court concurs with his findings and the reasons given therefor. The matters in controversy are all so fully discussed in the report that nothing further need be added, and the court adopts the report as an expression of its own views. The exceptions are overruled, and the report of the master is confirmed, with costs, pursuant to equity rule No. 84. The master's fees have been paid, each party paying half. This seems an equitable apportionment, and the court sees no reason for altering it.

---

UNITED STATES v. LEUNG QUONG et al. (District Court, D. Vermont. December 7, 1901.) Appeal by Leung Quong and Leung Ming from an order for their deportation. Rufus E. Brown, for appellants. James L. Martin, U. S. Atty.

WHEELER, District Judge. The explicit statement of the principal witness, the uncle of appellants, of the year, month, day of month, and vessel of his arrival in the United States, in his application for a laborer's certificate, shows, in connection with his testimony, that he came but once; that at the time of their birth he was in China; and that his knowledge of their birth, as he states it, would be of their birth in China. The testimony of the other witness that they were born in California, although more consistent, is not sufficient to overcome this, and make their citizenship clear. Deportation affirmed.